UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUBY WINTERS,<br><br>      Plaintiff,<br><br>v.<br><br>CAROL WRIGHT GIFTS.<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:18-cv-00046<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RUBY WINTERS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CAROL WRIGHT GIFTS. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a natural person residing in the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a retailer of goods principal place of business located at 1100 Nixon Lane, Edison, New Jersey 08837. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, accounts owed or due or asserted to be owed or due to others using the mail and telephone across the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. At all times relevant, Plaintiff has been a customer of Defendant. Plaintiff purchased goods from Defendant and incurred debt ("subject debt") as a result.

10. Plaintiff subsequently defaulted on the subject debt.

11. In or around June 2017, Plaintiff began receiving phone calls from Defendant to her cellular phone, (219) XXX-1073, seeking to collect payment on the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 1073. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant has most often used to contact Plaintiff is (800) 985-1624, but may have also used other numbers to contact her on her cellular phone.

14. Upon information and belief, the phone number ending in 1624 is regularly used by Defendant during its collection activities in Indiana.

15. Plaintiff was initially able to speak with one of Defendant's representatives and informed Defendant of her hardships.

16. Plaintiff further asked Defendant to stop calling her on multiple occasions.

17. Despite these requests, Defendant has continued to call Plaintiff on her cellular phone.

18. Defendant continued to call Plaintiff on her cellular phone multiple times during the same day, even after being told to stop.

19. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

20. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

21. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is indicative that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

26. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent to be contacted on her cellular phone. Even if Plaintiff *may* have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

27. The calls placed by Defendant to Plaintiff were regarding collection of the subject debt and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, RUBY WINTERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

30. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

31. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

32. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

33. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

34. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

35. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff on multiple occasions that she was not able to make payments and further asked Defendant to cease calling her cellular phone. Defendant consciously ignored Plaintiff's demands in an abusive attempt to collect payment from her.

36. In violating the TCPA, Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

38. Defendant's conduct is part of a purposeful and systematic scheme to illegally contact unsophisticated consumers who may not be aware of their rights. Defendant continued to call Plaintiff's cellular phone even after being notified multiple times that she did not want to be contacted. This type of behavior exhibited by Defendant is an incurable deceptive act for which notice does not remedy.

39. Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, RUBY WINTERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2018                                    Respectfully submitted,

s/ Marwan R. Daher                                         s/Omar T. Sulaiman
Marwan R. Daher, Esq.                                      Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                      Counsel for Plaintiff
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                      2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                                (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                     osulaiman@sulaimanlaw.com